'O'
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PRUDENCIANO FLORES,

        Plaintiff,

    v.

NISSAN NORTH AMERICA,
INC.; DOWNEY IMPORT CARS,
INC.; and DOES 1-10,

        Defendants.

CV 21-09411-RSWL-PDx

**ORDER re: Motion to Remand**
[14]

    Plaintiff Prudenciano Flores ("Plaintiff") brings this Action against Defendant Nissan North America, Inc. ("Nissan") for violation of the Song-Beverly Consumer Warranty Act and against Defendant Downey Import Cars, Inc. ("Downey") for negligent repair.  Currently before the Court is Plaintiff's Motion to Remand to Los Angeles County Superior Court ("Motion") [14].  Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Plaintiff's Motion.

1        **I.   BACKGROUND**

2    **A.   Factual Background**

3        Plaintiff is a resident of Los Angeles, California.

4    First Am. Compl. ("FAC") ¶ 2, ECF No. 11.  Nissan is a

5    corporation authorized to conduct business in

6    California.  Id. ¶ 3.  Downey is a corporation organized

7    under the laws of California and authorized to conduct

8    business in California.  Id. ¶ 4.

9        On May 24, 2020, Plaintiff purchased a 2020 Nissan

10   Sentra ("Vehicle"), which was manufactured and

11   distributed by Nissan.  Id. ¶ 6.  Plaintiff received an

12   express written warranty in which Nissan undertook to

13   preserve or maintain the utility and performance of the

14   Vehicle and to provide compensation if there was a

15   failure in the Vehicle's utility or performance for a

16   specified period of time.  Id. ¶ 10.  The warranty

17   provided that in the event a defect developed with the

18   Vehicle during the warranty period, Plaintiff could

19   deliver the Vehicle for repair services to a repair shop

20   and the Vehicle would be repaired.  Id.

21       During the warranty period, the Vehicle contained

22   or developed defects that substantially impaired the

23   use, safety, and value of the Vehicle.  Id. ¶ 11.

24   Plaintiff provided Nissan with sufficient opportunity to

25   repair the Vehicle, but Nissan failed to repair the

26   Vehicle within a reasonable number of attempts.  Id.

27   ¶¶ 14-15.  Plaintiff also delivered the Vehicle to

28   Downey for repair on numerous occasions, but Downey

breached its duty to properly store and repair the Vehicle in accordance with industry standards.  Id. ¶¶ 43-45.  Because of Nissan's breach of warranty and Downey's negligence in failing to repair the Vehicle, Plaintiff was financially damaged.  Id. ¶¶ 18, 47.

**B.   Procedural Background**

On October 29, 2021, Plaintiff filed her Complaint [1-2] against Nissan in the Superior Court of California, County of Los Angeles.  On December 3, 2021, Nissan removed [1] the case to this Court.  Nissan stated that this Court had diversity jurisdiction over the case because Plaintiff is domiciled in California, while Defendant is a Delaware corporation with a principal place of business in Tennessee.  See Notice of Removal ¶¶ 13-14, ECF No. 1.

Plaintiff filed a First Amended Complaint ("FAC") [11] on December 22, 2021, which added a new cause of action for negligent repair against Downey.  Plaintiff then filed the instant Motion to Remand [14] on January 24, 2022, arguing that the case must be remanded because the addition of Downey destroys diversity.  Defendant has not opposed the Motion.

**II.   DISCUSSION**

**A.   Legal Standard**

Civil actions may be removed from state court if the federal court has original jurisdiction.  See Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33 (2002).  Diversity jurisdiction exists in all civil

1   actions between citizens of different states where the

2   amount in controversy exceeds $75,000, exclusive of

3   interest and costs.  28 U.S.C. § 1332.  There must be

4   complete diversity of citizenship, meaning "each of the

5   plaintiffs must be a citizen of a different state than

6   each of the defendants." Morris v. Princess Cruises,

7   Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing

8   Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

9       "The burden of establishing jurisdiction falls on

10  the party invoking the removal statute, which is

11  strictly construed against removal." Sullivan v. First

12  Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir.

13  1987) (internal citations omitted).  Courts resolve all

14  ambiguities "in favor of remand to state court." Hunter

15  v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir.

16  2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566

17  (9th Cir. 1992)).  A removed case must be remanded "[i]f

18  at any time before final judgment it appears that the

19  district court lacks subject matter jurisdiction."  28

20  U.S.C. § 1447(c).

21  **B.  Discussion**

22      The Court begins by noting that Defendants failed

23  to oppose this Motion and offer no excuse for their

24  failure to oppose.  The Motion is therefore **GRANTED** for

25  this reason.  See C.D. Cal. L.R. 7-12 ("The failure to

26  file any required document, or the failure to file it

27  within the deadline, may be deemed consent to the

28  granting or denial of the motion."); Flores v. FCA US

1   LLC, No. 2:20-cv-6278-ODW (KSx), 2020 WL 5549140 (C.D.
2   Cal. Sept. 15, 2020).  Nonetheless, the Court finds that
3   remand is warranted on the merits as well.
4       In its Notice of Removal, Defendant asserts that
5   this Court has diversity jurisdiction over this Action
6   because Plaintiff is a citizen of California and
7   Defendant is a citizen of both Delaware and Tennessee.
8   See Notice of Removal ¶¶ 13-14.  Plaintiff argues that
9   remand is necessary because the addition of Downey to
10  this Action destroys diversity.  Pl.'s Mem. P. & A. in
11  Supp. of Mot. to Remand 1:14-18, ECF No. 14-1.  The
12  Court agrees that the addition of Downey would destroy
13  this Court's diversity jurisdiction.  Downey does not
14  appear to be diverse from Plaintiff because both are
15  alleged to be California citizens, and neither Defendant
16  has stated otherwise.  See FAC ¶¶ 2, 4; see also
17  Sullivan, 813 F.2d at 1371 (stating that the burden is
18  on the removing defendant to establish that subject
19  matter jurisdiction is proper).  Therefore, the Court
20  must analyze whether Downey was properly joined to this
21  Action to determine whether the case must be remanded
22  for lack of jurisdiction.
23      1.  Joinder
24      Where a case has been removed from state court and
25  the plaintiff attempts to amend its complaint to join
26  nondiverse defendants that would destroy the federal
27  court's subject matter jurisdiction, the amendment must
28  be scrutinized under 28 U.S.C. § 1447(e).  Clinco v.

1   <u>Roberts</u>, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999).

2   Section 1447(e) affords courts discretion to either deny

3   joinder of the nondiverse defendant or to permit joinder

4   and remand the action to state court.  18 U.S.C.

5   § 1447(e).

6       In deciding whether to permit joinder, "a court

7   should consider: (1) whether the party sought to be

8   joined is needed for just adjudication and would be

9   joined under Federal Rule of Civil Procedure 19(a); (2)

10  whether the statute of limitations would prevent the

11  filing of a new action against the new defendant should

12  the court deny joinder; (3) whether there has been

13  unexplained delay in seeking the joinder; (4) whether

14  the joinder is solely for the purpose of defeating

15  federal jurisdiction; and (5) whether the claim against

16  the new party seems valid." <u>Clinco</u>, 41 F. Supp. at

17  1082.  The Court will address each factor in turn.

18            a.   <u>Rule 19</u>

19      "Federal Rule of Civil Procedure 19 requires

20  joinder of persons whose absence would preclude the

21  grant of complete relief, or whose absence would impede

22  their ability to protect their interests or would

23  subject any of the parties to the danger of inconsistent

24  obligations." <u>Clinco</u>, 41 F. Supp. 2d at 1082; Fed. R.

25  Civ. P. 19(a).  Courts consider whether a non-diverse

26  defendant is a necessary party under Rule 19 when

27  determining whether to allow a diversity-destroying

28  amendment, but amendment under § 1447(e) is less

restrictive than joinder under Rule 19.  <u>IBC Aviation
Servs., Inc. v. Compiana Mexicana de Aviacion, S.A. de
C.V.</u>, 125 F. Supp. 2d 1008, 1011-12 (N.D. Cal. 2000).
Under § 1447(e), joinder is proper when "failure to join
will lead to separate and redundant actions."  <u>Id.</u> at
1012.  Moreover, "a court may find that joinder [under
§ 1447(e)] is appropriate for the just adjudication of
the controversy if there is a high degree of involvement
by the defendant in the occurrences that gave rise to
the plaintiff's cause of action."  <u>Yenokian v. BMW of N.
Am., LLC</u>, No. CV 18-4897JFW(RAOx), 2018 WL 6177230, at
*2 (C.D. Cal. Oct. 19, 2018) (quoting <u>McGrath v. Home
Depot USA, Inc.</u>, 298 F.R.D. 601, 608 (S.D. Cal. 2014)).

   Here, Plaintiff's claims against Nissan and Downey
involve the same Vehicle, the same alleged defects in
the Vehicle, and the same attempted repairs.  <u>See</u> FAC
¶¶ 10-18, 43-47.  Nissan's warranty ensured that
Plaintiff could deliver the Vehicle to a repair shop to
be repaired, and Downey is the repair shop Plaintiff
sought services from.  <u>Id.</u> ¶¶ 10, 43.  Thus, Downey had
a high degree of involvement in the occurrences giving
rise to Plaintiff's breach of warranty claims against
Nissan.  <u>See</u> <u>Harris v. Ford Motor Co.</u>, No. CV 17-04964
SJO (MRWx), 2017 WL 10433673, at *2 (C.D. Cal. Aug. 9,
2017) (finding repair facility necessary for just
adjudication of claims against defendant because it was
"a direct participant in the events and transactions
giving rise to the case"); <u>Forward-Rossi v. Jaguar Land</u>

1   <u>Rover N. Am., LLC</u>, No. 2:16-cv-00949-CAS(KSx), 2016 WL

2   3396925, at *3 (C.D. Cal. June 13, 2016) (same).

3   Moreover, resolution of Plaintiff's claims against

4   Nissan and Downey will likely require review of many of

5   the same documents and witnesses. <u>See</u> <u>Yenokian</u>, 2018 WL

6   6177230, at *2.  Denying joinder of Downey here would

7   lead to separate and redundant actions, and this factor

8   therefore weighs in favor of joinder.

9           b.  <u>Statute of Limitations</u>

10      If a plaintiff could file an action against the

11  joined defendant in state court, then there is less

12  reason to permit joinder under § 1447(e).  <u>See</u> <u>Clinco</u>,

13  41 F. Supp. 2d at 1083.  Under California law, the

14  statute of limitations for a negligent repair claim is

15  three years.  Cal. Civ. Proc. Code § 338(c)(1); <u>Sabicer</u>

16  <u>v. Ford Motor Co.</u>, 362 F. Supp. 3d 837, 841 (C.D. Cal.

17  2019).  Plaintiff does not specify the date on which the

18  attempted repairs took place, but the statute of

19  limitations could not have run because Plaintiff

20  purchased the Vehicle on May 24, 2020.  <u>See</u> FAC ¶ 6.

21  Because Plaintiff would not be time-barred from filing a

22  new action against Downey in state court, this factor

23  weighs against joinder.

24          c.  <u>Unexplained Delay</u>

25      "When determining whether to allow amendment to add

26  a nondiverse party, courts consider whether the

27  amendment was attempted in a timely fashion." <u>Clinco</u>,

28  41 F. Supp. 2d at 1083.  "District courts generally

1  measure delay from the date of removal to determine
2  whether an unreasonable delay has occurred." <u>Yenokian</u>,
3  2018 WL 6177230, at *3.  Here, Plaintiff filed the FAC
4  to include a claim against Downey less than three weeks
5  after the case was removed to federal court.
6  Plaintiff's amendment was therefore timely.  <u>See</u> <u>Harris</u>,
7  2017 WL 10433673, at *2 (finding amendment timely
8  because it was sought less than three weeks after
9  removal); <u>Yenokian</u>, 2018 WL 6177230, at *3 (finding
10 amendment timely when sought almost three months after
11 removal).  This factor therefore favors permitting
12 joinder.

13           d.  <u>Motive for Joinder</u>
14      A court must look with particular care at a
15 plaintiff's motive for joining a nondiverse defendant to
16 a removed case "when the presence of a new defendant
17 will defeat the court's diversity jurisdiction and will
18 require a remand to state court." <u>Clinco</u>, 41 F. Supp.
19 at 1083.  The question of whether joinder is solely
20 intended to defeat jurisdiction is intertwined with an
21 assessment of the strength of the claims against the
22 proposed new defendant.  <u>McGrath</u>, 298 F.R.D. at 608.

23      While it is possible that Plaintiff is motivated to
24 defeat jurisdiction and have the case remanded, it is
25 unlikely that this is Plaintiff's sole motivation.  As
26 explained below, the Court finds that Plaintiff's
27 negligent repair claim against Downey is at least
28 facially valid.  Moreover, the FAC is substantively

different from Plaintiff's original complaint because
the negligent repair claim is distinct from Plaintiff's
claims against Nissan.  Compare Clinco, 41 F. Supp. at
1083 n.2 (finding improper motive where the original and
first amended complaints were "substantially similar"),
with Forward-Rossi, 2016 WL 3396925, at *4 (declining to
impute an improper motive to plaintiff where she sought
"to add two additional claims that, while relying on
many of the same facts, [were] conceptually distinct
from her two existing claims under the Song-Beverly
Act").  Accordingly, the Court cannot say that
Plaintiff's sole motivation in alleging a claim against
Downey is to defeat diversity jurisdiction, particularly
where Plaintiff is simply exercising the right to amend
the complaint "once as a matter of course."  See Sabag
v. FCA US, LLC, No. 2:16-cv-06639-CAS(RAOx), 2016 WL
6581154, at *6 (C.D. Cal. Nov. 7, 2016); Fed. R. Civ. P.
15(a)(1).  Therefore, the Court finds this factor weighs
slightly in favor of permitting joinder.

       e.  Validity of Claim against Downey

   "The existence of a facially legitimate claim
against the putative defendant weighs in favor of
permitting joinder under § 1447(e)."  Forward-Rossi,
2016 WL 3396925, at *4 (internal quotation marks and
citation omitted).  A claim is facially legitimate if it
"seems valid," which is a lower standard than what is
required to survive a motion to dismiss or motion for
summary judgment.  Sabag, 2016 WL 6581154, at *6.

2:21-cv-09411-RSWL-PD   Document 20   Filed 05/09/22   Page 11 of 12   Page ID #:179

Plaintiff alleges that the Vehicle was delivered to Downey on numerous occasions and that Downey breached its duty to use ordinary skill and care in the storage, preparation, diagnosis, and repair of the Vehicle in accordance with industry standards.  FAC ¶¶ 43-45. These allegations establish, at minimum, a facially legitimate claim for negligent repair.  See Southwest Forest Indus., Inc. v. Westinghouse Elec. Corp., 422 F.2d 1013, 1018 (9th Cir. 1970) (noting that, generally, "[o]ne who undertakes repairs has a duty arising in tort to do them without negligence"); see also Yenokian, 2018 WL 6177230, at *4; Forward-Rossi, 2016 WL 3396925, at *4.

2.   Remand

On balance, the Clinco factors weigh in favor of permitting joinder under § 1447(e).  Because the addition of Downey destroys complete diversity between the parties, this Court no longer has subject matter jurisdiction over this Action.  The Court therefore **GRANTS** Plaintiff's Motion to Remand.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

///
///
///
///
///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III. CONCLUSION**

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion.  This Action is hereby **REMANDED** to the Superior Court of California, County of Los Angeles.

**IT IS SO ORDERED.**

DATED: May 9, 2022

_____ /s/ Ronald S.W. Lew _____

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge